IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES WILLIAM HEAVNER, JR., | § | |
| (BOP Register No. 30285-001), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:17-cv-217-M-BN |
| | § | |
| DJ HARMON, Warden, FCI Seagoville, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Charles William Heavner, Jr., a federal inmate incarcerated at BOP Seagoville FCI, in the Dallas Division of this district, has filed a habeas petition under 28 U.S.C. § 2241 asserting that an unconstitutional prison disciplinary proceeding has resulted in his loss of "good conduct time," thus unlawfully extending his sentence. *See* Dkt. No. 1.

The petition has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

The Court expedited briefing as to the petition, in response to Heavner's motion indicating that his projected release date is May 31, 2017 and that, if the Court grants his petition, his projected release date will be moved up to May 8, 2017. *See* Dkt. Nos. 6, 7, 8, & 9. The government filed an expedited response on April 3, 2017, *see* Dkt. Nos. 10 & 11, and Heavner has filed a reply brief, which the Court received and docketed

on April 14, 2017, *see* Dkt. No. 12.

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court should deny the habeas petition.

## Applicable Background

Heavner, currently serving a 60-month custodial sentence after being convicted of arson, in violation of 18 U.S.C. § 844(i), *see United States v. Heavner*, No. 6:13-CR-52-LSC-JHE (001) (N.D. Ala. Aug. 16, 2013), alleges that his sentence has been "unlawful[ly] exten[ded] ... by way of unconstitutional proceedings representative of fraud, retaliation, lack of evidence, and violations of due process, resulting in good conduct time sanctions," Dkt. No. 1 at 5.

The proceeding at issue is a disciplinary action taken against Heavner for using cocaine, in violation of BOP disciplinary code 112, that resulted in the BOP disallowing 27 days of Heavner's good conduct time, among other sanctions. *See* Dkt. No. 11.

In sum, Heavner claims a due-process violation, alleging (1) that there were errors in the specimen (urine) collection process; (2) that the drug amount did not justify his punishment; and (3) that officials failed to deliver the incident report to him within the mandated time period. He also alleges a claim for retaliation (that the incident report was retaliation for not supplying information). *See* Dkt. No. 1.

According to the government, Heavener has exhausted his available administrative remedies. *See* Dkt. No. 11-1 at 5, ¶ 16.

## Legal Standards

"To establish a due process violation, a prisoner must show that he was deprived

of a liberty interest protected by the Constitution or other law. Not every punishment for prison misconduct implicates a protected liberty interest." *Jacques v. Bureau of Prisons*, 632 F. App'x 225, 225 (5th Cir. 2016) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84, 485-87 (1995)). But, here, the Court begins with the "assum[ption] ... that federal prisoners have a liberty interest in their good-time credits." *Deen-Mitchell v. Young*, 490 F. App'x 650, 650-51 (5th Cir. 2012) (per curiam) (citing *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000) ("BOP does not challenge the district court's conclusion that Henson had a statutorily-created liberty interest in his good time credit." (citation omitted)); *Pepper v. United States*, 562 U.S. 476, 502 n.14 (2011) ("An award of good time credit by the [BOP] does not affect the length of a court-imposed sentence.... Such credits may be revoked at any time before the date of a prisoner's release." (citations omitted))).

"When a prisoner has a liberty interest in good-time credits, revocation of such credits must comply with minimal procedural requirements." *Pruitt v. Martin*, 582 F. App'x 319, 320 (5th Cir. 2014) (per curiam) (quoting *Henson*, 213 F.3d at 898 (in turn citing *Superintendent, Mass. Corr. Institution v. Hill*, 472 U.S. 445, 454 (1985)); internal quotation marks omitted). These requirements – which "are flexible ... and must necessarily be balanced against legitimate penological interests," *Henson*, 213 F.3d at 898 (citing *Hill*, 472 U.S. at 556; *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)) – "include notice, an opportunity to be heard, and written findings in support of the action," *Deen-Mitchell*, 490 F. App'x at 651 (citing *Wolff*, 418 U.S. at 564-65); *accord*

*Hunnicutt v. Stephens*, No. 3:14-cv-885-G-BN, 2014 WL 2619856, at *2 (N.D. Tex. June 12, 2014).

"Federal habeas review of the sufficiency of the evidence to support a disciplinary conviction is extremely limited. Due process requires only 'some evidence to support the findings made in the disciplinary hearing.'" *Hunnicutt*, 2014 WL 2619856, at *2 (quoting *Hill*, 472 U.S. at 457; citing *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. Unit A Oct. 1981) (a court must determine whether "any evidence at all" supports disciplinary action taken by prison officials)); *see Pruitt*, 582 F. App'x at 320 ("[A] disciplinary proceeding comports with due process if ... there is 'some evidence' in the record to support the disciplinary conviction." (citing *Richards v. Dretke*, 394 F.3d 291, 294 (5th Cir. 2004))); *see, e.g., Henson*, 213 F.3d at 898-99 ("Given that there was 'some evidence' supporting the punishment, and that there would still be 'some evidence' even if Henson obtained a contradictory result from a retest, Henson had no due process right to retest the pipe." (internal citation and footnote omitted)).

**Analysis**

There is no real dispute whether Heavner received the procedural protections required by *Wolff*. Once lab results were received, and after officials at FCI Seagoville confirmed, the next day, that Heavner was not currently prescribed a drug that would register as positive for cocaine, Heavner received an incident report. *See* Dkt. No. 11-1 at 11-16. On March 30, 2016, Heavner received a notice of rights and, along with his requested staff representative, he appeared before a discipline committee. *See id.* at 18,

20, & 22. A hearing was held before a discipline hearing officer on April 5, 2016, at which Heavner, along with his staff representative, appeared but did not call witnesses or offer documentary evidence. *See id.* at 24-25. And Heavner received a copy of the hearing officer's report containing his written findings. *See id.*

Heavner continues to assert, however, that the sample that tested positive for cocaine was not his and that the BOP's procedures with regard to the collection of his sample violated his rights. *See, e.g.,* Dkt. No. 12 at 2, 8 ("It is not true that Mr. Heavner's test cup tested positive for cocaine and THC, as alleged by Respondent.... The labels were mixed up.... Procedural violations by staff support his position.... At the least, Mr. Heavner has pled a substantial dispute as to material facts where the chain-of-custody procedures did not comport with policy and produced 'evidence' of no value despite rote recitation of allegations.").

The BOP heard and rejected this defense at the hearing-officer level and on appeal. *See* Dkt. No. 11-1 at 25, 27, & 31. And the hearing officer's finding that the urine specimen was collected consistent with BOP policy, including as to chain of custody, is supported by "some evidence," *see id.* at 25, while there is no evidence to support Heavner's protestations otherwise, *see, e.g., Olsen v. Batts*, No. 1:15-cv-44-BL, 2016 WL 8078307, at *3 (N.D. Tex. Dec. 19, 2016) ("Olsen's unsubstantiated allegations [as to chain of custody] fail to show that his due process rights were violated. 'Where a disciplinary hearing does not otherwise violate a prisoner's rights, allegations of falsified evidence are not grounds for federal habeas relief.' ...

Furthermore, absent some affirmative indication of error, a lab report and the chain of custody form can qualify as some evidence that an inmate violated the disciplinary code." (quoting *Henderson v. Quarterman*, CA No. C-08-042, 2008 WL 3005476, at *10 (S.D. Tex. Aug. 1, 2008) (in turn citing *Spellmon v. Price*, 100 F.3d 953, 1996 WL 625422, at *3 (5th Cir. Oct. 10. 1996)); then citing *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000) (in turn citing *United States v. Brown*, 136 F.3d 1176, 1182 (7th Cir. 1998)))), *rec. adopted*, 2017 WL 384684 (N.D. Tex. Jan. 26, 2017).

To the extent that Heavner argues that his due process rights were violated because the incident report was not provided to him within 24 hours, it appears he is referencing 28 C.F.R. § 541.5(a). But, even if such an allegation was true – that is, a prison regulation was violated – such a violation alone would not be actionable in the habeas context, as "failure to follow such procedures does not necessarily 'establish a violation of due process, because constitutional minima may nevertheless have been met.'" *Jacques*, 632 F. App'x at 226 (quoting *Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989); internal quotation marks omitted). Like in *Jacques*, here, there can be no due process violation based on the 24-hour claim, because "[t]he record does not reflect that prison officials failed to provide [Heavner] with required due process protections." *Id.* (citation omitted); *accord Staples v. Keffer*, 419 F. App'x 461, 462-63 (5th Cir. 2011) (per curiam).

And, to the extent that Heavner alleges a separate claim for retaliation, such a claim is conclusory, and "conclusional allegations [are] insufficient to raise a

constitutional issue." *Watkins v. LNU*, 547 F. App'x 409, 411 (5th Cir. 2013) (per curiam) (citing *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990)).

## Recommendation

The Court should deny the Section 2241 petition.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 17, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE